IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Criminal No. 20-251 |
| | ) | |
| JOSEPH TEASDALE | ) | |

**GOVERNMENT'S SENTENCING MEMORANDUM**

AND NOW comes the United States of America, by its attorneys, Cindy K. Chung, United States Attorney for the Western District of Pennsylvania, and Robert C. Schupansky, Assistant United States Attorney for said District, and hereby submits this sentencing memorandum to the Court.

The Court has scheduled a combined change of plea and sentencing for September 22, 2022, in which the defendant, Joseph Teasdale, is anticipated to enter a plea of guilty to Count One of the Indictment at Criminal No. 20-251, admitting to Possession of Material Depicting the Sexual Exploitation of a Minor, in violation of 18 U.S.C. §§ 2252(a)(4)(B) and 2252(b)(2).

In advance of the sentencing, the United States hereby submits this memorandum to the Court, recommending a sentence of imprisonment within the advisory Sentencing Guideline range. The following factors are relevant to the United States' recommended sentence of imprisonment for the defendant in this case:

### I. UNITED STATES SENTENCING GUIDELINES

The United States Supreme Court has instructed, "district courts must begin their [sentencing] analysis with the Guidelines and remain cognizant of them throughout the sentencing process." *Peugh v. United States*, 133 S. Ct. 2072, 2083 (2013) (quoting *Gall v. United States*, 522 U.S. 38, 49 (2007)). Sentencing decisions are to be "anchored by the

Guidelines," and appellate courts may presume that guideline sentences are reasonable. *Peugh*, 133 S. Ct. at 2083. When considering a non-Guidelines sentence, the Court "must consider the extent of the deviation and ensure that the justification *is sufficiently compelling* to support the degree of the variance." *Id*. (citing *Gall*, 522 U.S. at 50) (emphasis added). "For even though the Guidelines are advisory rather than mandatory, they are . . . the product of careful study based on extensive empirical evidence derived from the review of thousands of individual sentencing decisions." *Gall*, 522 U.S. at 47 (citing *Rita v. United States*, 551 U.S. 338, 349 (2007)).

In this case, the defendant faces a statutory maximum term of 20 years' imprisonment. The Sentencing Guidelines recommend a sentence of imprisonment of 63 to 78 months, based upon the seriousness of the offense, various applicable enhancements, and the defendant's criminal history.

### II. TITLE 18, UNITED STATES CODE, SECTION 3553

The factors cited under Title 18, United States Code, Section 3553, are as follows:

**(1) 18 U.S.C. § 3553(a)(1) – the nature and circumstances of the offense and the history and characteristics of the defendant**

#### The Nature and Circumstances of the Offense

The investigation into this matter began with two separate CyberTips being provided to the FBI. The first CyberTip (No. 45408486) came from Tumblr, who reported to NCMEC that a person with the screen/ username ihaveleftforgood, and Email Address 143mojoteaz420@gmail.com, uploaded 1 video of suspected child pornography to Tumblr on 1/9/2019. Investigators viewed the video and confirmed that the video was child pornography.

The second CyberTip (No. 59935244) involved Facebook and reported that a person with the screen/user name of Joe Teasdale (with a mobile phone number 412-595-4108 and an email address of 143mojoteaz420@gmail.com) uploaded two images of suspected child pornography on 11/22/2019. Investigators viewed these images and confirmed they were also child pornography.

A search warrant for subscriber information from Comcast showed the subscriber for the IP Address associated with the case was Joseph Teasdale, 2300 Walnut St. Apt 2, McKeesport, PA 15132-7056, with a telephone number of 412-595-4108. A subsequent search warrant was then sent to Google, Inc. for account information for 143moioteaz420@gmail.com. The results showed the account subscriber was Joseph Teasdale with a telephone number of 412-595-4108. Several emails also showed that Joseph Teasdale requested an address change on 1/31/2020 from 2300 Walnut St. Apt 2, McKeesport, PA 15132 to 3015 Grover St. McKeesport PA 15132.

On March 5, 2020, a search warrant, issued by Common Pleas Judge David Cashman, was executed at 3015 Grover St, McKeesport, PA. Joseph Teasdale was advised that a search warrant was being executed at the residence, that he was not under arrest, and that he was free to leave while the search warrant was being executed. He was also told that he did not have to give any statements and did not have to speak to investigators or answer any questions.

Teasdale agreed to speak with investigators and told them that he had recently been staying at this address with his mother since moving from 2300 Walnut Street in McKeesport. He told investigators that, when he lived at the Walnut Street address, the Wi-Fi was through Comcast, and that it was password protected. He provided his phone number as

412-595-4108, and said that he had the number for over a year.   Teasdale also advised investigators where his cell phone was in the house and stated that there was no password to unlock the phone.   He said that the only way that he accessed the Internet was on his cell phone, and that he used email addresses redmojo1111@gmail.com and 143mojoteaz420@gmail.com.   He also admitted that he had a Facebook account under the name Joe Teasdale.

Teasdale also commented that he has seen things on the Internet.   When asked by investigators what he meant, he stated "CP", "Child Pornography".   He told investigators that he has found child pornography on the Internet and stated "I knew this day would come.   I don't know how to fix it".   When asked if he had a problem with child pornography he stated, "I think it came to be."   He admitted that the last time that he looked at child pornography was a day or two prior to the search warrant and that he has seen all ages, to include infants.   He stated, "I know it's not right" and indicated that he was "preparing for this day" and that he "knew it would come."

Teasdale admitted to looking at child pornography for over a year and confirmed using the screen name "ihaveleftforgood" on Tumblr.   He also admitted to getting child pornography images and videos from various websites and saving them to his cell phone gallery.

A forensic review of Teasdale's cellphone located 194 images of apparent Child Pornography.   Teasdale's cell phone was a Samsung Galaxy J7, M/N SM-J737T1, Serial Number R58M10LA5AM, with no SD card, and it was made in Vietnam and traveled in interstate and foreign commerce to arrive in Pennsylvania.   Additionally, the images traveled over the Internet to Mr. Teasdale's cellular phone.

The images recovered from the defendant depicted prepubescent children, children under the age of 12, and sadistic or masochistic conduct, including:

Image 2358.jpg:

Nude infant, less than 1 year old, lying with both legs spread open on their back on a yellow blanket, with an adult male with an erect penis, the penis is placed between the infant's legs lying across the infant's genital area and onto the stomach.

Image 2425.jpg:

Nude female appears to be between 5 to 7 years old, bound face down to a table on her knees and forearms. The child's ankles are bound to the table with rope spreading her legs wide apart, and both of her wrists are bound by rope to the table. There is an adult male inserting his pinkie finger into the child's vagina or anus. The angle of the picture makes it impossible to see where the finger is inserted.

Image 2370.jpg:

A blonde female child appears to be between 2 to 4 years old with her eyes closed. There is an adult male with his erect penis inserted into the child's mouth.

Image 2333.jpg:

A female child who appears to be between 3 to 5 years old, with no pants on and what looks like a pajama top on, lying on her side. There is an adult male wearing only a white tee shirt laying behind the female with his erect penis inserted into the child anus from behind.

Some of the files contain known identified victims as was set forth in the Presentence Investigation Report ("PIR")(Doc. No. 65).

## The History and Characteristics of the Defendant

The defendant, age 44, reports that he was raised in a low-income household and his parents divorced when he was 4 years old. The defendant has never been married and has three children, ages 23, 12 and 11. The youngest children reside with their mother. He has no history of physical health problems but reports a history of some mental health issues. He also reports a history of drug use. The defendant is a high school graduate and currently maintains part-time employment as a laborer.

The defendant will accept responsibility and plead guilty to the instant offense, saving the government time, money, and resources. The applicable advisory guideline range is 63 to 78 months' imprisonment (OL 26, CHC I), which reflects the serious nature of his criminal conduct and his criminal history.

The defendant's criminal history is concerning given the nature of the instant offense. Specifically, in 2000, he was convicted in the Court of Common Pleas of Allegheny County, Pennsylvania, of the crime of Corruption of Minors (Doc. No. 65 at paragraph 41). This incident involved allegations of the defendant touching the "inside of [a six year old's] private parts", and having her touch his penis. Moreover, the defendant, while under pretrial supervision, accessed websites through his cell phone that revealed questionable images of minors, as well as attempted to circumvent the monitoring software used to ensure he was not accessing imagery similar to that for which he was charged. (Doc. No. 65 at paragraph 8). In response, this Honorable Court agreed with recommendations of Pretrial Services and modified

the defendant's bond conditions precluding him from possessing a computer, cell phone, or other device with access to the Internet.

Given the above, imposition of a sentence within the guideline range set forth by this Honorable Court's Tentative Findings and Rulings at Doc. No. 70 would be appropriate.

**(2)    18 U.S.C. § 3553(a)(2)(A) – the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law and to provide just punishment for the offense**

The defendant's conduct in this case is very serious in that he possessed images depicting the sexual exploitation of children, some of whom had not attained the age of 12 years. Moreover, as stated above, this is not his first offense involving children, and given his record of circumventing monitoring software, the Court's imposition of a fair and just sentence that reflects the seriousness of the offense, promotes respect for the law, and provides just punishment should fall withing the applicable guidelines in this case.

**(3)    18 U.S.C. § 3553(a)(2)(B) – the need for the sentence imposed to afford adequate deterrence to criminal conduct**

The nature of the defendant's conduct warrants a term of imprisonment within the applicable guideline range to prevent him, and hopefully others, from committing similar crimes in the future. It is clear from the record that the earlier imposed sentence of two years' probation for his prior incident with a child was insufficient to serve as an adequate deterrence. Moreover, it appears from the evidence in this case that the defendant was again seeking to view sexual images relating to children while on bond. Most importantly, the defendant's conduct will have a lasting, if not permanent, negative effect on many child victims who were exploited to create the material the defendant possessed, and who were re-victimized by the defendant viewing and possessing images of their abuse.

> **(4)   18 U.S.C. § 3553(a)(2)(C) – the need for the sentence imposed to protect the public from further crimes of the defendant**

In this case, the defendant has failed to adhere to the conditions of his bond. The Court must fashion a sentence which is more likely to prevent the defendant from returning to the same or similar criminal activity, and which will serve to protect the public from further crimes.

> **(5)   18 U.S.C. § 3553(a)(3) – the kinds of sentences available**

The defendant faces a statutory maximum term of imprisonment of 20 years. In addition to a term of imprisonment, the Court must impose a term of supervised release of at least five years and up to life, pursuant to 18 U.S.C. § 3583(k) and USSG § 5D1.2(b)(2). The defendant is ineligible for a sentence of probation under the sentencing guidelines. *See* USSG § 5B1.1.

> **(6)   18 U.S.C. § 3553(a)(4)(A) – the kinds of sentence and the sentencing range established by the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines**

The government and the defendant concur that the defendant's total offense level is 26 and his criminal history category is I. The applicable advisory guideline range is 63 to 78 months' imprisonment and a term of five years to life of supervised release. The government submits, an appropriate sentence should fall within this range.

The defendant is subject to the provisions of the Amy, Vicky, and Andy Child Pornography Victim Assistance Act of 2018. In addition to any other criminal penalty, restitution, or special assessment authorized by law, the court shall assess (1) not more than

$17,000 on any person convicted of an offense under 18 U.S.C. § 2252(a)(4) or § 2252A(a)(5); (2) not more than $35,000 on any person convicted of any other offense for trafficking in child pornography; and (3) not more than $50,000 on any person convicted of a child pornography production offense. The court shall consider the factors in 18 U.S.C. § 3553(a) and 18 U.S.C. § 3572 when ordering this assessment. 18 U.S.C. § 2259A

In accordance with 18 U.S.C. § 3663A, restitution must be ordered in this case as to any victim depicted in the images which are the subject of the charged conduct, should the victims make such a request. Pursuant to 18 U.S.C. § 2259(c)(3), this is a child pornography trafficking offense and thus restitution is mandatory as set forth in 18 U.S.C. § 2259(b)(2). The court shall determine the full amount of the victims' losses and shall order restitution in an amount that reflects the defendant's relative role in the causal process that underlies the victims' losses, but which is no less than $3,000. As set forth in this Court's Tentative Findings and Rulings (Doc. No. 70) and the PIR (Doc. No. 65), there are six victim impact statements and five requests for restitution which have been submitted for consideration. The PIR writer has not identified any factors that would warrant a departure from the guideline range. *See* PIR ¶ 91

**(7)    18 U.S.C. § 3553(a)(5) – any pertinent policy statement**

As set forth above, the guideline range for a term of supervised release is not less than 5 years, and up to life. USSG § 5D1.2(c). The policy statement under § 5D1.2 recommends a term of supervised release at the statutory maximum.

**(8)    18 U.S.C. § 3553(a)(6) – the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct**

Defendant Teasdale is the only person charged in the instant case. In fashioning a fair sentence, the court should consider sentences imposed in similar cases to limit the risk that the sentence imposed upon this defendant does not result in an unwarranted sentencing disparity.

**(9)  18 U.S.C. § 3553(a)(7) – the need to provide restitution to any victims of the offense**

As indicated above, restitution must be ordered as to any child victim depicted in the images possessed by the defendant who makes such a request. Five requests for restitution have thus far been received in this case. The Court, in fashioning an appropriate sentence, must separately consider victim impact. The government submits that the Court is in possession of the submitted victim impact statements referenced above.

### III.   CONCLUSION

WHEREFORE, for all the foregoing reasons, the government respectfully requests that the Court impose a sentence within the applicable guideline range, which in this case, is a fair and just sentence.

Respectfully submitted,

CINDY K. CHUNG
United States Attorney

*s/Robert C. Schupansky*
ROBERT C. SCHUPANSKY
Assistant U.S. Attorney
U.S. Attorney's Office
700 Grant Street, Suite 4000
Pittsburgh, PA 15219
PA ID No. 82158